IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamel Alexander Demorcy, | ) | C/A No.  8:13-1494-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Samuel Cook, President; William Davis, | ) | *for disposition of the Motion for TRO* |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Jamel Alexander Demorcy ("Plaintiff"), proceeding *pro se*, filed this civil action

pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Complaint

[Doc. 1].  This action is not in proper form, and Plaintiff has until August 5, 2013, to submit

the required documents [Doc. 31].  The undersigned has not determined yet whether

service of process should be authorized on Defendants.  On July 15, 2013, Plaintiff filed

a Motion for a Temporary Restraining Order ("Motion for TRO"), [Doc. 34], and this matter

is before this Court on the Motion for TRO.[1]

Plaintiff's hand-written Motion for TRO requests that he be separated "from the

current line of workers here at Perry."  Motion [Doc. 34].  He seems to allege that illegal

immigrants are holding him captive and that his case will be overturned by higher courts

in West Virginia or the President.  *Id.*  Further, he alleges that the Davis' have "caused the

world conflict via the virus" known as AIDS and "the rapes they have brought forward to

many people of the world."  *Id.*  He seems to allege that they are a major problem with his

attempt to be released because they believe they are above the law.  *Id.*  Specifically, he

_____

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d)
DSC, the undersigned is authorized to review the Motion for TRO and submit findings and
recommendations to the district judge.

seeks to be separated from Larry Davis, C. Davis (Major), and Diana Davis. *Id.* He desires to be transferred as quickly as possible, or to be set free, because his Eighth Amendment rights are being violated. *Id.*

Plaintiff's Motion for TRO should be denied for several reasons. First, Plaintiff did not comply with Fed. R. Civ. P. 65(b)(1) by providing specific facts in an affidavit or a verified complaint to clearly show that immediate and irreparable injury will result to him before the Defendants can be heard in opposition. Further, he cannot satisfy the "attorney certification" requirement for a temporary restraining order required under Rule 65(b)(1)(B) because Plaintiff is not an attorney admitted to practice before this Court.

Moreover, under the legal standard adopted by our Court of Appeals, Plaintiff is not entitled to a temporary restraining order. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 130 S. Ct. 2371 (2010). Under the *Winter* standard, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20). All four requirements must be satisfied. *Id.* Furthermore, to obtain injunctive relief, Plaintiff must

demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief.  *Id.*

Here, Plaintiff has not made a showing to demonstrate that any of the four factors weigh in his favor.  Instead, he alleges factual allegations that may be considered to be delusional, such as that the Davis' caused world conflict using the AIDS virus.  Additionally, the relief he requests both in the Motion for TRO and the Complaint—a prison transfer—is not likely to succeed on the merits.  There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution.  *See McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise")*; Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system").  The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and those decisions are not subject to review *unless* state or federal law places limitations on official discretion.  *Cf. Hayes v. Thompson*, 726 F.2d 1015, 1017 (4th Cir. 1984) (remanding the case for a determination of whether Virginia prison regulations limit prison officials' discretion to transfer inmates).  South Carolina law confers no protected liberty interest upon South Carolina Department of Corrections ("SCDC") inmates from being placed in a particular prison, in a particular section of the prison, or being placed in administrative segregation.  *See Phillips v. South*

*Carolina Dep't of Corr.*, C/A No. 8:10-1331-HFF-BHH, 2010 WL 2756910, at *2 (D.S.C. June 17, 2010), *adopted by,* 2010 WL 2754223 (D.S.C. July 12, 2010).   Because it appears that Plaintiff has been committed to the custody of SCDC, the choices of where Plaintiff is to be confined are to be determined by SCDC prison officials without interference by the federal courts.  *See Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that the district court properly found that a prison committee's decisions regarding institutional placement, security classifications, and job assignments were not subject to constitutional scrutiny).

<u>Recommendation</u>

Accordingly, it is recommended that the district court deny the Motion for TRO [Doc. 34].  **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

July 17, 2013
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).