IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamel Alexander Demorcy, #270803, ) | C/A No. 8:13-1494-JFA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| Samuel Cook, President; William Davis, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Jamel Alexander Demorcy ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Perry Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

Background

Plaintiff alleges this lawsuit is based on violations of his constitutional rights during his incarceration at Kirkland Correctional Institution ("Kirkland"). Complaint [Doc. 1]. Specifically, he alleges the following variety of issues. South Carolina Department of Corrections ("SCDC") officers allegedly physically assaulted him several times during 2010, 2011, and 2012, causing a tooth fracture, due to orders given by Defendant Samuel Cook, the alleged ring leader and President of the United States. *Id.* at 3. Defendant Cook allegedly "supplied the people who I been kidnaped by with funds, firearms, AIDS and at[t]empted to give me such virus." *Id.* Defendant William Davis allegedly attempted to starve him during a two-year period which caused him to lose much weight. *Id.* "The officials" allegedly denied his rights to medical care for treatment by an asthma doctor and for skin treatment. *Id.* Prison officials allegedly slandered his name by telling others that

he is gay when he is not, and such misconduct has caused him to have enemies. *Id.* at 4. Further, Plaintiff seems to allege that he has been given injections that almost have caused him cancer and that he has been kidnaped. *Id.* He seems to allege that he was poisoned by some family members who have family ties to Defendants, and they are all involved with his kidnaping. *Id.* at 5. He alleges he was supposed to be released from prison on December 1, 2011. *Id.* He alleges that Defendant Cook has caused him monetary damages. *Id.* at 6.

Plaintiff names two individuals as Defendants. He alleges that Samuel Cook is the President of the United States and lives in The White House at 1600 Pennsylvania Avenue in Washington, D.C. *Id.* at 2; *see also* [Doc. 41]. Liberally construed, Plaintiff may be alleging that William Davis is a correctional officer, but it is unclear because he gives two different addresses—The White House address in Washington, D.C., and 4344 Broad River Road in Columbia, S.C. [Doc. 1 at 2–3; Doc. 26-1; Doc. 41].

For his relief, Plaintiff seeks damages, a prison or yard transfer, injunctive relief for medical care, and additional damages "for the attempts to give me the AIDS virus." *Id.* at 7. Lastly, he requests his freedom "most of all" because he is being held past his "max-out" date. *Id.*

Additionally, Plaintiff filed a Motion for a Temporary Restraining Order ("Motion for TRO"), [Doc. 34].[1] Within the Motion, he alleges the following facts. Illegal immigrants allegedly are holding him captive and that his case will be overturned by higher courts in

---

[1] On July 17, 2013, this Court entered a Report and Recommendation [Doc. 38] that the district court deny the Motion for TRO. As of the date this Report and Recommendation for summary dismissal is entered, the district court has not ruled on the Motion for TRO.

2

West Virginia or the President. *Id.* Further, the Davis' allegedly have "caused the world conflict via the virus" known as AIDS and "the rapes they have brought forward to many people of the world." *Id.*

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated

3

liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

This civil action should be dismissed on the ground that it is factually frivolous. The *in forma pauperis* statute, which Plaintiff proceeds under, authorizes this Court to dismiss a case if it is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Even though Plaintiff's lawsuit is about alleged incidents at Kirkland, he alleges that Defendant Cook is the President of the United States, and both Defendants have the address of The White House at 1600 Pennsylvania Avenue in Washington, D.C.[2] This Court takes judicial notice that Barack Obama is the current President of the United States and that 1600 Pennsylvania Avenue, NW, in Washington, D.C., is the address of The White House. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."). Thus, Plaintiff's

---

[2] Plaintiff also alleges that William Davis' address is 4344 Broad River Road in Columbia, S.C.

factual allegations related to the Defendants' addresses are generally fantastic, fanciful, and delusional. Moreover, many of the specific factual allegations are fantastic, fanciful, and delusional, such as prison officials have kidnaped him and attempted to give him AIDS and cancer. *See Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792, at *2 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007); *Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *cf. Sloan v. City of Asheville Police*, No. 91-6330, 1992 WL 212141 (4th Cir. 1992) (finding that allegations by a homeless person that he was harassed by police is not inherently fantastic or delusional). Therefore, this Court should dismiss this action based on frivolousness.

Moreover, because Plaintiff's requested relief that he receive a prison or yard transfer is not available through this § 1983 action, he fails to state a claim on which relief may be granted. There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise")*; Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"). The placement and assignment of inmates into

particular institutions or units by state or federal corrections departments are discretionary functions, and those decisions are not subject to review *unless* state or federal law places limitations on official discretion. *Cf. Hayes v. Thompson*, 726 F.2d 1015, 1017 (4th Cir. 1984) (remanding the case for a determination of whether Virginia prison regulations limit prison officials' discretion to transfer inmates). South Carolina law confers no protected liberty interest upon South Carolina Department of Corrections ("SCDC") inmates from being placed in a particular prison, in a particular section of the prison, or being placed in administrative segregation. *See Phillips v. South Carolina Dep't of Corr.*, C/A No. 8:10-1331-HFF-BHH, 2010 WL 2756910, at *2 (D.S.C. June 17, 2010), *adopted by,* 2010 WL 2754223 (D.S.C. July 12, 2010). Because it appears that Plaintiff has been committed to the custody of SCDC, the choices of where Plaintiff is to be confined are to be determined by SCDC prison officials without interference by the federal courts. *See Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that the district court properly found that a prison committee's decisions regarding institutional placement, security classifications, and job assignments were not subject to constitutional scrutiny).

Further, Plaintiff's alleged most important requested relief of freedom from prison is not available through this § 1983 action.[3] *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement

---

[3] Plaintiff has a habeas corpus action pending in this Court, *Demorcy v. Warden*, C/A No. 8:13-1867-JFA-JDA.

6

is within the core of habeas corpus). Thus, he fails to state a claim on which relief may be granted.

## Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**


July 31, 2013                                              s/Jacquelyn D. Austin
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).