IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamal Alexander Demorcy, | ) | C/A No.: 8:13-1494-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Samuel Cook, President; and William Davis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The *pro se* plaintiff, Jamal Demorcy, brings this civil action *in forma pauperis* and pursuant to 42 U.S.C. § 1983, alleging various constitutional violations. He is an inmate with the South Carolina Department of Corrections.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be summarily dismissed. She also recommends that the plaintiff's motion for a temporary restraining order be denied. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation. He has filed a variety of documents which have been carefully considered

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

by the court and found to have no merit.

The Magistrate Judge is of the opinion that the complaint should be dismissed on grounds of frivolousness.  As an example of the bizarre nature of the claims asserted in this action, plaintiff apparently contends that correctional officers allegedly physically assaulted him several times upon orders given to him by defendant Samuel Cook, whom the plaintiff alleges is the President of the United States.  He further alleges that defendant Cook "supplied the people who I had been kidnapped by with funds, firearms, AIDS, and attempted to give me such virus."  Plaintiff also seems to allege that he has been given injections that almost have caused him cancer and that he has been kidnapped.  He alleges that he has been poisoned by some family members of the defendants who are also alleged to have been involved in his kidnapping.

Plaintiff's request for a temporary restraining order (TRO) contains equally frivolous allegations.  He seems to allege that illegal immigrants are holding him captive and that his case will be overturned by higher courts in West Virginia or by the President of the United States.  He alleges that "President" William Davis has "caused the world conflict via the virus" known as AIDS and "the rapes they have brought forward to many people of the world."  Plaintiff asks for a TRO requiring that he be transferred as quickly as possible, or alternatively, to be set free because his Eighth Amendment rights are being violated.

This court has made an earnest attempt to review the objections filed by the plaintiff in an effort to discern whether there is even the slightest degree of merit to any of the claims asserted.  The court has found none.  As an example of the objections filed by the plaintiff,

he contends "I, Jamel Demorcy am seeking out full processing and pro judgment [sic] for recommendation for full U.S. Marshals forms to be served on my defendants/Samuel Cook (President) William Davis."  Later in his objection memorandum, plaintiff states, "With the world undergoing many problems my quest is for insight on the world's major outbreaks every place and local states with sauls being caught with several syringes on the Department of Corrections or the City of America.  My concerns are all based on my investigations during placed on the Department of Corrections."

This court agrees with the Magistrate Judge that summary dismissal is appropriate in this case.  Accordingly, the objections are all overruled, the Report and Recommendations (ECF Nos. 38 and 49) on both the complaint and the motion for TRO are adopted and incorporated herein by reference; the motion for a TRO (ECF No. 34) is denied, and this action is dismissed with prejudice.  All other pending motions are now moot.

IT IS SO ORDERED.

September 23, 2013                         Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge